**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LAWRENCE WADE MILES,

                Plaintiff - Appellant,

  v.

CAROL B. PEARSON; RENAE
WHITAKER,

                Defendants - Appellees.

No. 11-16086

D.C. No. 4:09-cv-00724-FRZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted June 18, 2013[**]

Before:    TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

    Arizona state prisoner Lawrence Wade Miles appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants

violated his constitutional right to privacy by disclosing his confidential medical

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

records to a third party without his authorization. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Brown v. City of Los Angeles*, 521 F.3d 1238, 1240 (9th Cir. 2008) (per curiam). We may affirm on any ground supported by the record. *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 994 (9th Cir. 2009). We affirm.

Summary judgment was proper because Miles failed to raise a genuine dispute of material fact as to whether either of the named defendants ordered the release of medical records outside the scope of Miles's authorization. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

The district court did not abuse its discretion in granting defendants' unopposed motion to stay discovery pending the outcome of the summary judgment motion. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (providing standard of review for district court's discovery rulings, and explaining that the district court's discretion to deny discovery "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice" (citation and internal quotation marks omitted)).

Miles's remaining contentions regarding the Health Insurance Portability and Accountability Act, the Americans with Disabilities Act, and Arizona Revised Statutes sections 31-127 & 128 are unpersuasive.

Miles's opposed motion for leave to file a supplemental brief is denied.

**AFFIRMED.**